## Nicely v. Raker, Appellant.

*Public officers—County controller—Discretion—Refused to approve certificate —Mandamus—Act of May 26, 1891, P. L. 129— Appeals.*

1. Where a county controller has refused to approve a certificate entitling plaintiff to certain payments for work done by him in the preparation of indexes in the office of the recorder of deeds of a county, under a contract with him made pursuant to an order of the court, on the ground that the court had no authority to make the order, which authority is conferred by the Act of May 26, 1891, P. L. 129, a writ of peremptory mandamus will issue, requiring him to approve the certificate.

2. In such case where the command of the lower court is complied with the general rule seems to be that the question of whether or not the writ was properly granted will not be reviewed by the appellate court.

Argued May 12, 1915. Appeal, No. 190, January T., 1915, by defendant, from judgment of C. P. Northumberland Co., December T., 1914, No. 337½, awarding mandamus, in case of Woods M. Nicely v. Aaron Raker, Controller of Northumberland County. Before BROWN, C.

J., MESTREZAT, ELKIN, MOSCHZISKER and FRAZER, JJ.
Affirmed.

Petition for mandamus.

Demurrer to return to writ of alternative mandamus.
Before CUMMINGS, P. J.

The opinion of the Supreme Court states the facts.

The court sustained the demurrer and entered judgment for plaintiff.    Defendant appealed.

*Error assigned* was in awarding the mandamus.

*Voris Auten,* with him *John W. Timmes* and *D. W. Shipman,* for appellant.

*J. Fred Schaffer,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 3, 1915:

This case is based on the facts recited in the preceding
case and is an appeal from the judgment of the lower
court awarding a writ of mandamus, directing defend-
ant as county controller to approve certificate No. 1 for
work done under the contract between plaintiff and the
recorder of deeds of Northumberland County for the
preparation of indexes, pursuant to the order of court.
Defendant's reason for refusing to approve the certificate
was that the court had not power to authorize the re-
corder of deeds to enter into a contract for the perform-
ance of the work, and, further, if the contract is valid,
only the cost of the work as measured by expenditures
made for clerks, supplies, &c., should be allowed.    The
court awarded the mandamus, which defendant obeyed
by approving the certificate, "under protest."    Follow-
ing a later order made against him requiring his ap-
proval of a subsequent certificate, from which he ap-
pealed (See preceding case) an appeal was also taken in
this case.

The command of the court's order having been com-

plied with the general rule seems to be that the question of whether or not the writ was properly granted, will not be reviewed by the appellate court: 26 Cyc. 500, and cases cited. However this may be, the conclusion reached in the preceding case makes a discussion of this question unnecessary.

The judgment is affirmed.